**In re: Rodney Cassimer MILES, aka Rodney C. Miles, Rod Miles, Debtor,**

**David B. Okun; et al., Appellants,**

v.

**Rodney Cassimer Miles, Appellee.**

In re: 3376 Garfield, a California
partnership, Debtor,

David B. Okun; et al., Appellants,

v.

3376 Garfield, a California
partnership, Appellee.

In re: Ann Ryan Miles, Debtor,

David B. Okun; et al., Appellants,

v.

Ann Ryan Miles, Appellee.

In re: Moss, Okun & Miles, a
California Partnership,
Debtor,

David B. Okun; et al., Appellants,

v.

Moss, Okun & Miles, a California
Partnership, Appellee.

In re: 231 W. Marquita, a California
partnership, Debtor,

David B. Okun; et al., Appellants,

v.

231 W. Marquita, a California
partnership, Appellee.

In re: Professional Business Planning
& Research, Inc., Debtor,

David B. Okun; et al., Appellants,

v.

Professional Business Planning
& Research, Inc., Appellee.

In re: 5340 Los Robles, A California
Partnership, Debtor,

David B. Okun; et al., Appellants,

v.

5340 Los Robles, A California
Partnership, Appellee.

In re: Sizer & Associates, a California
limited partnership, Debtor,

David B. Okun; et al., Appellants,

v.

Sizer & Associates, a California limited
partnership, Appellee.

In re: Specialty Factoring, Inc.,
a California corporation,
Debtor,

David B. Okun; et al., Appellants,

v.

Specialty Factoring, Inc., a California
corporation, Appellee.

In re: Victorian Inn Partnership, a
California Partnership, Debtor,

David B. Okun; et al., Appellants,

v.

Victorian Inn Partnership, a California
partnership, Appellee.

Nos. 02–56836, 02–56841, 02–56847, 02–
56878, 02–56880, 02–56883, 02–56885,
02–56886, CC–01–01640–PBN, 02–56888,
CC–01–01639–PBN, 02–56940, CC–01–
01641–PBN.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided Dec. 12, 2005.

See also 430 F.3d 1083.

Mark R. Campbell, Esq., Mark Campbell Law, Anaheim, CA, for Appellants.

William J. Wall, Esq., Paul J. Couchot, Esq., Winthrop Couchot Professional Corporation, Newport Beach, CA, for Appellees.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM *

Appellants challenge the bankruptcy court's dismissal of ten involuntary bankruptcy petitions on Appellees' motions to dismiss, which were treated as motions for summary judgment. Appellants do not argue that we should vacate the dismissal orders and reinstate the involuntary bankruptcy proceedings; rather, they contend that we should reverse the bad faith finding relied upon by the bankruptcy court as

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

one of the grounds for dismissal of nine of the ten involuntary bankruptcy petitions. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.[1]

■ There is ample evidence in the record to support the bankruptcy court's finding that Appellants failed to conduct a reasonable inquiry into the relevant facts and pertinent law before commencing the involuntary bankruptcy actions. First, Appellants' counsel repeatedly admitted at the June 13, 2001, hearing that his clients provided no evidence in their oppositions to the motions to dismiss indicating that they had made a reasonable inquiry into the relevant facts and pertinent law before commencing the involuntary bankruptcy actions. That Appellants supposedly could have presented such evidence is irrelevant. Counsel stated that he knew that one of the bases for the motions to dismiss was an allegation of bad faith filing, and that such an allegation brought into question whether his clients made a reasonable inquiry before commencing the involuntary cases.

In addition, Appellants failed to provide any evidence of the alleged debtors' overall debt structures or payment practices, which provides further support for the bankruptcy court's finding that Appellants did not make a reasonable inquiry into the relevant law and pertinent facts before instituting the involuntary bankruptcy actions. In fact, Appellants admitted a complete lack of evidence on this point in their motion to vacate, alter, or amend the order granting Ann Miles' motion to dismiss the involuntary petition filed against her, which stated: "There is no evidence whatsoever of the Alleged Debtor's financial condition, let alone its payment of obligations." Therefore, the bankruptcy court did not clearly err in finding that Appellants failed to conduct a reasonable inquiry into the relevant facts and pertinent law before commencing the involuntary bankruptcy actions.

■ We also reject Appellants' advice of counsel defense. The rationale behind acknowledging an advice of counsel defense to a 11 U.S.C. § 303(i) claim is that it would be unjust to award damages against a petitioning creditor because his counsel chose the wrong legal avenue. *See In re Walden*, 787 F.2d 174, 174 (5th Cir.1986); *In re Better Care Ltd.*, 97 B.R. 405, 412 (Bankr.N.D.Ill.1989). That rationale does not apply here, where the bankruptcy court simply dismissed the involuntary petitions for bad faith filing and has yet to determine whether to award compensatory or punitive damages against Appellants. Accordingly, the bankruptcy court did not abuse its discretion by dismissing the actions in part for bad faith filing. *See In re K.P. Enterprise*, 135 B.R. 174, 179 n. 14 (Bankr.D.Me.1992); *In re Better Care*, 97 B.R. at 410. In assessing the nature and amount of the damage award, if any, the bankruptcy court is free to consider as one factor Appellants' contention that they acted upon the advice of counsel.

■ Appellants also argue that their due process rights were violated because

---

1. Because appeals from the Bankruptcy Appellate Panel are subject to de novo review, we independently review the bankruptcy court's decision. *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1064 (9th Cir.2002). We review for abuse of discretion the bankruptcy court's decision to dismiss the involuntary bankruptcy cases for bad faith filing. *In re* Marsch, 36 F.3d 825, 828 (9th Cir.1994); *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir.1999). We review the bankruptcy court's finding of bad faith for clear error. *Marsch*, 36 F.3d at 828; *Leavitt*, 171 F.3d at 1222. We review due process claims de novo. *In re Victoria Station Inc.*, 875 F.2d 1380, 1382 (9th Cir. 1989).

(1) they did not have the opportunity to fully conduct discovery; (2) the bankruptcy court did not hold a hearing on the motions to dismiss, except with respect to Rodney Miles' case; and (3) the bankruptcy court improperly placed the burden of showing an absence of bad faith on them. None of these arguments has merit.

First, Appellants had an adequate opportunity to conduct discovery. The record reflects that Appellants entered into a stipulation regarding discovery; that they deposed Rodney and Ann Miles; and that they never asked for a continuance or moved to compel further discovery with respect to the nine involuntary petitions that were dismissed in part for bad faith filing. Indeed, Appellants indicated at the hearing held on July 16, 2001, that they would be amenable to dismissing those petitions.

Second, Appellants' claim that the bankruptcy court did not hold a hearing on the motions to dismiss is factually incorrect. Although the bankruptcy court focused on Rodney Miles' proceeding specifically during the hearings held on June 13, 2001, and July 16, 2001, both hearings encompassed all ten involuntary bankruptcy actions. Indeed, the record reflects that the bankruptcy court provided Appellants the opportunity to specifically discuss those cases at the June 13, 2001, hearing, and Appellants' counsel stated that he had no special arguments to make with regard to those cases. Moreover, the bankruptcy court held a separate hearing specifically addressing Appellants' motions to vacate, alter, or amend the orders dismissing all nine cases except Rodney Miles' case.

Finally, Appellants' argument that the bankruptcy court improperly placed the burden of showing an absence of bad faith on them is also factually incorrect. Each memorandum of decision attached to the orders dismissing the nine involuntary bankruptcy actions indicates that the burden of showing that Appellants filed the petitions in bad faith was on Appellees, and that Appellees met that burden.

AFFIRMED.

BERZON, Circuit Judge, concurring in the result.

I agree that we should affirm the dismissal of the ten petitions for involuntary bankruptcy. I write separately because I do not believe it necessary to reach the question whether involuntary bankruptcy petitions can be dismissed on the ground that they were filed in bad faith.

All ten petitions were dismissed on the ground that the debtors were generally paying their debts as they became due. The bankruptcy court noted that nine of the ten petitions could also have been dismissed on the alternative ground that the petitions were filed in bad faith. Appellants do not challenge the determination that the petitions were properly dismissed because the debtors were generally paying their debts as they became due. I would therefore not reach the question of whether dismissal on bad faith grounds was appropriate. The bad faith question can and should be addressed in proceedings under 11 U.S.C. § 303(i)(2), if raised.